UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK
------------------------------------------x
LUIS E. OGANDO,

                Plaintiff,

        -against-

JOHN J. NAPOLITANO, ESQ.; WENDY MOYA;
CARLOS MATEO; PETER GOLDBERG, ESQ.;
SHUKI HOORY; LASALLE BANK N.A.;
CENTRAL MORTGAGE COMPANY; ALLIANCE
MORTGAGE CORP.; AND SUPREME COURT OF
THE STATE OF NEW YORK,

                Defendants.
------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-2066 (OEM) (TAM)

ORELIA E. MERCHANT**,** United States District Judge:

    Pro se plaintiff Luis E. Ogando ("Plaintiff") commenced this action in the United States District Court for the Southern District of New York, and the action was transferred to this Court on April 14, 2025. ECF 1, ECF 6. Plaintiff brings this action against John. T. Napolitano, Esq. ("Napolitano"); Carlos Mateo ("Mateo); Peter Goldberg ("Goldberg"), Esq., broker and real estate attorney; Wendy Moya ("Moya"), a branch officer at Chase JPMorgan Corporation Bank ("Chase"); realtor Shuki Hoori ("Hoori"); LaSalle Bank N.A. ("LaSalle Bank"), Central Mortgage Company; Alliance Mortgage Corporation; and the Supreme Court of the State of New York. ECF 1. Plaintiff alleges that Defendants violated his constitutional rights, the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; the Truth in Lending Act, codified at 15 U.S.C. § 1601, *et seq.*, and 12 C.F.R. § 226; and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691; and various state law claims. *See generally* Compl. Plaintiff's claims arise out of a mortgage transaction for the purchase of a home in 2006 and subsequent foreclosure and evict actions in state court. *Id.*

Plaintiff filed an application to proceed *in forma pauperis*. ECF 2. For the following reasons, Plaintiff's IFP motion is granted pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order, and this action is dismissed.

## BACKGROUND[1]

Plaintiff alleges that in 2006, Plaintiff sought to buy a home at 65-17 Admiral Avenue in Middle Village, New York. Complaint ("Compl."), ECF 1, at 5.[2] Plaintiff alleges that his credit score was not good enough to qualify for a mortgage on his own, so real estate attorney Goldberg, advised him to purchase through an "intermediary," Mateo. *Id.* The mortgage recorded on August 22, 2006 indicates that the mortgage agreement was executed on August 3, 2006 and named Mateo as the sole borrower. *Id.* at 19. Goldberg advised Plaintiff "to put title of the house and open a bank account on both names [of] [Plaintiff] and [Mateo]." *Id.* at 5. Plaintiff states that he provided the down payment and other costs for closing and moved in with his family. *Id.* at 5, 11. After the purchase, Plaintiff discovered extensive structural damage and made substantial improvements. *Id.* at 10. Plaintiff states that he made some payments "through their joint account," but stopped making payments when he did not get a response to his complaints to the mortgage company. *Id.*

Plaintiff alleges that LaSalle Bank started foreclosure proceedings against Mateo, who then filed an eviction action against Plaintiff, *id.*, and Mateo entered into a short sale agreement with LaSalle Bank and sold the home without sharing any proceeds with Plaintiff, *id.* at 11. The foreclosure and eviction proceedings were commenced in the New York Supreme Court, Queens County.[3] *Id.* at 11, 18. Plaintiff attaches multiple documents related to the foreclosure action against Mateo. *Id.* at

---

[1] The following facts are accepted as true for purposes of ruling on this motion. Plaintiff attaches 380 pages of exhibits related to the home and mortgage and court proceedings.

[2] The pages of the complaint are not consecutively paginated. The Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

[3] The caption of the foreclosure action is *LaSalle Bank N.A. v. Mateo*, Index Number 0025754/2008 (N.Y. Sup. Ct. 2008), and the caption of the eviction action is *Mateo v. Ogando*, Index Number LT-062498-15/QU (N.Y. Sup. Ct. 2015).

44-49, 141, 150-234, 366.  Although Plaintiff was not named as a party to the state court foreclosure action, except in his capacity as a "John Doe" occupant of the premises, Plaintiff sought to respond as a "third party intervenor."  *Id.* at 44.  However, there is no indication that Plaintiff was permitted to intervene, and the subsequent Notice of Discontinuance was signed by counsel for Mateo, with no reference to Plaintiff.  *Id.* at 230.  The foreclosure action was disposed on a short sale on July 10, 2017.

In the state court eviction action, Mateo was awarded final judgment of possession on November 9, 2015, and the Notice of Eviction was entered on March 31, 2016.  *Id.* at 248-50.

Plaintiff also filed two countersuits against Mateo, Goldberg, and Hoory, docketed as Index Numbers 12642/2015 and 4555/2016.  Those actions were resolved on June 16, 2016, and May 31, 2023.

Plaintiff also filed a complaint with the Grievance Committee for the 2nd and 11th Judicial Districts in New York, alleging misconduct by the real estate attorney Goldberg.  *Id.* at 16.  In that disciplinary complaint, Plaintiff asserted: "Mr. Carlos Mateo and myself were contacted by an Agency called Alpine Homes and Mr. Shuki Hoory . . . to buy a home with no money down using Mr. Mateo['s] credit and I was promised within 6 months the house would be transferred to me."  *Id.*  Plaintiff additionally claimed that Goldberg did not explain the documents or fees.  *Id.*  In a separate signed Affidavit, Plaintiff affirmed: "I was told by Peter Goldberg in 2006, in the presence of both Carlos Mateo and Shuki Hoory that the Deed would be placed in to the name of Carlos Mateo as his credit was better than mine and that I could possibly not be given a mortgage."  *Id.* at 75.  He affirmed: "they said they would convey the property to me within approximately six (6) to nine (9) months."  *Id.*  He further affirmed that he learned in 2009 that the Deed was not in his name.  *Id.* at 76.

In the instant action, Plaintiff states that he is "disabled, of [H]ispanic race and of Jewish Israeli messianic religion."  *Id.* at 9.  He claims that he became disabled after a vehicle accident in 2016.  *Id.* at 11.  He does not allege that Defendants discriminated against him on the basis of race, religion, or

disability.

## LEGAL STANDARD

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition to requiring sufficient factual matter to state a plausible claim for relief, a plaintiff must provide a short, plain statement of claim against each defendant named so that the defendant has adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (explaining that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d

Cir. 1998) (internal citation omitted).  However, if the Court finds any possibility that "a valid claim might be stated," the Court must give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

Moreover, the party bringing the action must demonstrate that the Court has subject matter jurisdiction over the action.  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).  *See* Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

## DISCUSSION

### A.    Plaintiff's Claims Related to the State Court Proceedings

Plaintiff asserts several claims related to the state court proceedings against the Supreme Court of the State of New York, LaSalle Bank, Goldberg, Mateo, asking this Court to "review all other courts cases regarding this matter."  Compl. at 6.

With respect to Plaintiff's claims against the Supreme Court of the State of New York, the Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, unless the state consents to be sued or Congress has created an exception to sovereign immunity.  *See Bd.of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("[T]he New York State Unified Court System is unquestionably an 'arm of the State, and is entitled to Eleventh Amendment sovereign immunity." (citation omitted)).  Plaintiff has not identified any waiver by the New York legislature or a congressional exception to sovereign immunity that would permit him to sue the State of New York or any of its agencies.  Moreover, judges have absolute immunity from suit for judicial acts performed

5

in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988).  Thus, even if Plaintiff had named an individual judge or justice as a defendant, these judicial officers are immune from suits for damages.  Accordingly, the Court dismisses Plaintiff's claims against the Supreme Court of the State of New York pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

To the extent that Plaintiff challenges any aspect of the eviction proceeding, this challenge is precluded by the *Rooker-Feldman* doctrine, which "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).  This doctrine holds that federal district courts lack subject-matter jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).  There are four requirements for the application of the *Rooker-Feldman* doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85.

Here, each of these requirements have been established in this case with respect to the state court eviction proceeding.  A Notice of Eviction against Plaintiff was entered on March 31, 2016, in Index Number 62498/2015 (satisfying the first requirement), long before Plaintiff filed the instant action in federal court (satisfying element four).  *See* Compl. at 251.  The injuries that Plaintiff complains of in this action—eviction and loss of possession of the premises—were caused by the state-court judgment (satisfying element two).  And Plaintiff specifically requested that this Court review the decisions of the state court and award compensatory damages for Plaintiff's losses (satisfying element three). *Id.* at 6.  Accordingly, the Court finds that *Rooker-Feldman* applies in this

case and divests this Court of subject-matter jurisdiction over claims related to Plaintiff's eviction. *See Morris v. Sheldon J. Rosen P.C.*, 11-CV-3556 (JB) (LB), 2012 WL 2564405, at \*4-5 (E.D.N.Y. July 2, 2012) (*Rooker-Feldman* barred district court review of an eviction action)*, aff'd sub nom. Morris v. Rosen*, 577 F. App'x 41 (2d Cir. 2014) (summary order).

Further, Plaintiff asks this Court to review the state foreclosure action, but Plaintiff's complaint and exhibits indicate that Plaintiff was not a party to the mortgage, did not have a deed in his name, and was not named in the foreclosure proceeding.[4]  Moreover, the doctrines of claim preclusion and *res judicata* would also prevent consideration of Plaintiff's claims because the foreclosure judgment constitutes a final, prior adjudication on the merits.  *See Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040 (JFB) (ETB), 2009 WL 2959619, at \*4 (E.D.N.Y. Sept. 14, 2009) ("[T]he judgment of foreclosure entered against [the debtor] is an adjudication on the merits, which prevents reconsideration of any claim that is based on the same facts as the foreclosure judgment and which would disturb [the mortgage-holder's] ability to enforce rights provided by the mortgage and the note securing [the debtor's] property.").  Accordingly, the Court lacks subject-matter jurisdiction to hear Plaintiff's claims related to the state court eviction and foreclosure actions. Therefore, these claims are dismissed.

**B.      Whether There is Federal Question Jurisdiction**

In addition to challenging the eviction and foreclosure actions, Plaintiff asserts claims under several federal laws that may arise separately from the foreclosure and eviction actions.  Specifically, Plaintiff asserts claims under the FHA, RESPA, TILA, and the ECOA.  However, none of these federal

---

[4] *Rooker-Feldman* may also apply to the foreclosure action. Plaintiff previously lost in state court when he attempted and failed to assert an interest in a foreclosure action that was filed against the property's owner of record, Mateo. *See Dorce v. City of New York*, 2 F.4th 82, 103 (2d Cir. 2021) (holding that "someone who loses an ownership interest in property through a state in rem foreclosure [state court] proceeding against the property has lost in state court" for purposes of *Rooker-Feldman*'s firs requirement").

statutes provide a basis for federal question jurisdiction as they are inapplicable to Plaintiff's allegations.

TILA, codified at 15 U.S.C. § 1601, *et seq.*, and 12 C.F.R. § 226, provides regulations for disclosure of credit terms and billing practices, and where a lender fails to provide these required disclosures at the time of financing, TILA allows borrowers to seek damages for violations of the disclosure provisions. 15 U.S.C. § 1640(a). However, these claims are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). With respect to mortgage transactions, the limitations period begins on the closing date of the mortgage. *See Kelmetis v. Fed. Nat'l Mortg. Ass'n*, 16-CV-246 (MAD) (CFH), 2017 WL 395120, at *6 (N.D.N.Y. Jan. 27, 2017) (collecting cases). Here, Mateo, not Plaintiff, was the borrower, and the time period for filing claims under TILA began to run on August 3, 2006, when Mateo closed on the mortgage. *See* Compl. at 19. Thus, even if Plaintiff had standing to bring a claim under TILA, the statute of limitations period for damages claims ended in 2007—decades before Plaintiff filed this action in federal court. Therefore, TILA does not provide a basis for federal question jurisdiction.

RESPA is a consumer protection statute designed to ensure that lenders, mortgage brokers, and servicers provide borrowers with "greater and more timely information on the nature and costs" of the real estate settlement process in federally regulated mortgage loans. 12 U.S.C. § 2601(a). The statute requires that a lender and/or servicer of a mortgage loan make certain disclosures pertaining to the loan and prohibits mortgage lenders and servicers from imposing fees for preparation of certain required statements. *Id.* § 2601(b). Plaintiff has not established that he is a borrower protected by RESPA or identified any notices that should have been provided to him or fees that should not have been charged. Therefore, RESPA does not provide a basis for federal question jurisdiction.

The ECOA prohibits discrimination in credit transactions, and the FHA, along with the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.*, prohibits discrimination in housing.

These statutes prohibit discrimination on the basis of race, color, religion, national origin, sex, marital status, age, disability, and/or because the applicant's income derives from any public assistance program.  15 U.S.C. § 1691; 42 U.S.C. § 3604.  However, Plaintiff has not alleged that Defendants discriminated against him on the basis of any of these characteristics, and therefore these statutes cannot provide the relief Plaintiff seeks.

Finally, Plaintiff claims deprivations of his federal constitutional rights, which the Court construes as asserting claims under 42 U.S.C. § 1983.  In order to maintain a civil rights action under Section 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Section 1983 does not usually apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quotation marks and citations omitted)).  Thus, Section 1983 would not apply to Plaintiff's claims that private financial institutions, private attorneys, or real estate brokers deprived Plaintiff of a property interest.  Plaintiff has not identified any "state actors" or any acts taken "under color of state law."  Accordingly, to the extent Plaintiff asserts Section 1983 claims, they are dismissed for failure to state a claim.

**C. State Law Claims**

Having dismissed Plaintiff's claims arising under federal laws, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  *See* 28 U.S.C. §§ 1367(a), (c) (giving district courts discretion to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  A district court "may decline to

exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send a copy of this order to Plaintiff at the address provided and to note the mailing on the docket.

SO ORDERED.

        */s/*

        ORELIA E. MERCHANT
        United States District Judge

September 24, 2025
Brooklyn, New York